IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PAUL CRISWELL**                                                                           **PLAINTIFF**

v.                              No. 4:22-cv-1125-DPM

TREDWAY, Officer, White Hall Police
Department; CLAYTON CANTRELL,
Investigator, White Hall Police
Department; ADAMS, Owner, Adams
Towing/Wrecking/Recovery; and DOES,
"Mike" Owner, East End Towing
Recovery; Officers, White Hall Police
Department                                                                              **DEFENDANTS**

## ORDER

1.   Criswell reports that his state criminal charges for theft by receiving and possession of drugs have been *nolle prossed*. He asks this Court to reopen and lift the stay of his federal claims. *Doc. 31*. Because those charges have been dropped, there is no need for the Court to abstain any longer. *State v. Criswell*, 35CR-22-362 (Jefferson County) (Sentencing Order). The Court lifts the stay and re-opens Criswell's case.

2.   The Court must screen Criswell's § 1983 complaint. *Doc. 2*; 28 U.S.C. § 1915(e). He sues White Hall Police Officer Tredway and Investigator Cantrell in both their personal and official capacities.

Criswell alleges that they violated his rights when they stopped and arrested him on 30 April 2022 for driving a stolen Chevrolet Impala. He also sues Adams Towing and East End Towing. Criswell says that he purchased the Impala legally, but it had previously been reported stolen. He argues that his arrest was the direct result of Adams's and East End's failure to report to authorities that they had returned the stolen Impala to its owner. Criswell seeks damages, and the return of personal property.

In support of his claim that he was unlawfully arrested, Criswell says that the officers ignored his explanation that he had legally purchased the Impala, they refused to verify with the car's previous owner that it wasn't stolen, and they tore up the bill of sale he showed them. And despite his telling Officer Tredway that he had a preexisting shoulder injury, Criswell says Officer Tredway reinjured his shoulder by forcing his arms behind his back to handcuff him. Finally, Criswell says that Officer Tredway stole items from his car following the inventory search.

Criswell's official capacity claims for damages against the officers can't proceed. Those claims are really against the officers' employer — the White Hall Police Department. That entity is not subject to suit under § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Criswell has therefore failed to state solid official capacity claims. 28 U.S.C. § 1915(e)(2)(B).

Criswell's claims against Adams Towing and East End Towing survive screening. The two companies are private actors. To be liable under § 1983, a private actor must be "a willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline University*, 747 F.3d 532, 536 (8th Cir. 2014). Criswell says that both businesses contract with the state towing board, and he claims that they didn't clear the stolen car information "as required by policy." He'll need to provide more details as the case progresses, but Criswell has stated enough to suggest an affirmative duty to determine whether cars in the towing companies' possession were listed as stolen or claimed. *Meier v. St. Louis*, 934 F.3d 824, 829-30 (8th Cir. 2019); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007).

Criswell's individual capacity claims remain, too. The stop was reasonable. The officers reasonably believed the car was stolen. That said, it remains to be seen whether the officers had cause to arrest Criswell once he showed them a bill of sale. For screening purposes, Criswell's individual capacity claims against Officer Tredway and Investigator Cantrell for unlawful arrest go forward. Similarly, Criswell's individual capacity claim for excessive force against Officer Tredway goes forward. His allegation that Officer Tredway reinjured his arm, requiring hospital care, supports a plausible claim of excessive force. Finally, the Court exercises supplemental jurisdiction over

Criswell's state law claims of conversion against Officer Tredway. 28 U.S.C. § 1367(a). Those proceed, too.

3.   The Court directs the Clerk to issues summonses for the owners of Adams Towing, at 2624 Springer Boulevard, Little Rock, Arkansas, 72206, and East End Towing, at 14721 Ironton Road, Little Rock, Arkansas, 72206, and deliver them along with a copy of the complaint and this Order to the United States Marshal for completion of services. Service shall be made without requiring prepayment of fees or costs, by certified mail, restricted delivery, return receipt requested at Adams and East End Towing, respectively. The Court directs the Clerk to do the same for Officer Tredway and Investigator Cantrell at the White Hall Police Department.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

25 June 2025